IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDERICK PENNINGTON, JR.
ADC # 71305                                                                                      PLAINTIFF

V.                              CASE NO. 5:08CV0018 WRW/BD

WENDY KELLEY, *et al.*                                                                DEFENDANTS

### ORDER

Defendants Wendy Kelley, Grant Harris, and John Byus have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (docket entry #20). Plaintiff responded by filing a Motion for Additional Discovery (#54). For the following reasons, Plaintiff's motion (#54) is GRANTED, and Defendants' motion (#20) is DENIED, without prejudice to reconsideration.

Defendants contend that Plaintiff's *in forma pauperis* status should be revoked and that he has failed to state a claim against the Defendants in their official capacities. As previously determined (#4), Plaintiff adequately alleged an imminent danger of a serious physical injury. See *McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002) (allegation that five teeth had been extracted due to gum infection for which inmate had been denied treatment, that two more extractions originally scheduled had not occurred and were needed, and that infection was spreading, was adequate to state imminent danger of serious physical injury); *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003) (allegations that prison physician and prison officials wrongfully discontinued prisoner's medication for attention deficit hyperactivity disorder and panic disorder satisfied three strikes provision's imminent danger requirement, permitting prisoner to proceed *in forma pauperis*); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (allegation that prison officials had withdrawn treatment for HIV and hepatitis, and as a result,

1

inmate suffered from severe ongoing complications, was more susceptible to various illnesses, and his condition would rapidly deteriorate, qualified as imminent danger of serious physical injury).

The Defendants have not presented any additional grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Instead, Defendants assert that the facts in this case demonstrate that Plaintiff has received ongoing medical care (#21, p. 3).[1] Plaintiff responded by asserting the need for additional discovery (#54). Under Rule 56(f) of the Federal Rules of Civil Procedure, the Court may deny a motion for summary judgment if a party shows that it cannot present facts essential to justify its opposition. FED.R.CIV.P. 56(f). Although Plaintiff did not strictly comply with Rule 56(f), he should still be able to conduct necessary discovery before the Court passes on the merits of his claims. Accordingly, Plaintiff's motion (#54) is granted, and Plaintiff's counsel should promptly arrange the requested evaluation by Dr. Gordon.

Defendants also contend that they are entitled to dismissal of Plaintiff's official capacity claims based on sovereign immunity. Defendants state that Plaintiff sued them in their official capacities for damages only (#21, p.7). Plaintiff, however, clearly requests injunctive relief (#2, 3, 6, 11, 25, 42). While any official capacity claim for money damages is barred, Plaintiff may maintain an action against state officials in their official capacities for prospective injunctive relief. See *Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 255-56 (8th Cir. 1995) (*Ex parte Young* recognized that suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of

---

[1] Defendants did not provide a Statement of Undisputed Material Facts to support this assertion as required by Local Rule 56.1. The Court will not consider a motion for summary judgment unless the moving party submits the required statement of Undisputed Material Facts.

2

federal law).  Accordingly, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (#20) is denied.

    IT IS SO ORDERED this <u>24th</u> day of September, 2008.

                           <u>/s/ Wm. R. Wilson, Jr.           </u>
                           UNITED STATES DISTRICT JUDGE