IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDERICK PENNINGTON, JR.
ADC # 71305                                                                                         PLAINTIFF

V.                              CASE NO. 5:08CV0018 JLH/BD

WENDY KELLEY, *et al.*                                                                      DEFENDANTS

RECOMMENDED DISPOSITION

I.   **Procedures for Filing Objections:**

The following Recommended Disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201

**II.    Introduction:**

Pending are Plaintiff's Motions for Summary Judgment (docket entry #84 and #105) and Defendants' Motions for Summary Judgment (#130 and #169). For the following reasons, the Court recommends that Plaintiff's motions (#84 and #105) be DENIED. In addition, the Court recommends that Defendants' motions (#130 and #169) be GRANTED and that Plaintiff's claims be DISMISSED with PREJUDICE. All remaining motions should be denied as moot.

**III.    Background:**

Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), is serving a life sentence for murder. He filed this action pro se under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs. Specifically, Plaintiff alleges that he did not receive timely anti-viral treatment for Hepatitis C. Plaintiff names as Defendants Wendy Kelley, Dr. Patrick Arnold, Grant Harris, John Byus, and "John Doe Doctor," and sues all Defendants in both their individual and official capacities.

Wendy Kelly, Grant Harris, and John Byus are employed by the ADC. Dr. Arnold is employed by Correctional Medical Services, Inc. ("CMS"), which contracts with the ADC to provide inmate medical care (#169-2). The Court earlier dismissed the John Doe defendant because Plaintiff failed to identify him (#92, #109).

Since 1988, Plaintiff has filed more than forty lawsuits in this Court. He was granted *in forma pauperis* status in this case only because his allegations satisfied the

imminent-danger-of-serious-physical-injury exception contained in 28 U.S.C. § 1915(g). It now appears, however, that Plaintiff's allegations are not supported by the medical evidence.

Plaintiff tested positive for Hepatitis C in January 1996 (#132, ¶7). Since the diagnosis, Plaintiff's medical providers have monitored his liver function in accordance with the National Institutes of Health and the Federal Bureau of Prisons clinical practice guidelines (#132, ¶9). At the time of filing, Plaintiff was monitored through the Chronic Care Clinic of the ADC.

On March 3, 2006, Plaintiff underwent a liver biopsy which revealed moderate inflamation and minimal fibrosis. These findings correspond to grade 3 inflamation and stage 1 fibrosis (#2, p. 10). Plaintiff's medical providers continued to monitor his condition, but declined to begin anti-viral medication treatment. According to Defendants, the anti-viral medication for Plaintiff's type of Hepatitis C, pegalyated interferon alpha-2a and ribavirin, is toxic and causes serious side effects (#130-4). Medication therapy is ineffective in approximately 40-60% of treated patients. Without anti-viral medication, 85-90% of individuals with chronic Hepatitis C do not experience major problems with the disease. For these reasons, anti-viral medication is not recommended for patients with no fibrosis (#130-4). Plaintiff does not dispute these assertions.

Leading up to the initiation of this action, Plaintiff was seen in the Chronic Care Clinic on August 23, 2007, and again on November 13, 2007. On December 14, 2007,

Plaintiff met with an unidentified doctor who notified Plaintiff that he would review the medical records to determine whether Plaintiff was an appropriate candidate for anti-viral medication. At that time, the medical records did not evidence more than minimal fibrosis.

Plaintiff filed this action on January 28, 2009, based on the Defendants' failure to begin the anti-viral treatment that Plaintiff wished to receive. On February 14, 2008, Plaintiff underwent a second liver biopsy (#130-6). This biopsy showed continued moderate inflamation, but advancement in fibrosis, from Stage 1 to Stage 2. This biopsy, conducted less than two years after Plaintiff's last biopsy, and two weeks after Plaintiff filed this action, is the first test in the record showing increased fibrosis. As a result of the advancement in fibrosis, a decision was made to begin treatment with anti-viral medication. Plaintiff's liver function has improved to near normal since he began anti-viral treatment (#132, ¶24).

**IV.     Discussion:**

    A.     *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing

that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'")(quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    *Deliberate Indifference*

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. *Jenson v. Clark*, 94 F.3d 1191 (8th Cir. 1996). Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). An inmates must demonstrate: (1) that he or she suffered objectively serious medical needs; and (2) that prison officials actually knew of, but deliberately disregarded, those needs. *Id*. A serious medical need is

5

"one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* at 778.

Plaintiff's chronic Hepatitis C is an objectively serious medical condition. In the absence of anti-viral treatment, Plaintiff's chronic Hepatitis C required monitoring by a doctor. The February 2008 biopsy, conducted after Plaintiff filed this action, shows that Plaintiff was a candidate for anti-viral treatment. Drawing all inferences in Plaintiff's favor, he has arguably shown the need for anti-viral treatment at the time of filing. Plaintiff has failed, however, to provide any evidence of deliberate indifference.

To show deliberate indifference, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. *Id.*

In this case, Plaintiff cannot show that monitoring his condition, without providing anti-viral treatment, posed an excessive risk to his health. The record shows that the

6

alleged delay in providing anti-viral medication did not result in a deterioration of Plaintiff's health (#130-3, p. 3).

It is undisputed that Defendants regularly monitored Plaintiff's condition through the Chronic Care Clinic. In addition to regular monitoring, Plaintiff underwent a liver biopsy March 3, 2006, which revealed minimal fibrosis. Since the biopsy showed minimal fibrosis, the Federal Bureau of Prisons clinical practice guidelines recommend monitoring and an additional biopsy in 2-5 years (#130-4, p. 2). Plaintiff's follow-up biopsy occurred on February 14, 2008, less than two years after the first biopsy. Defendants have shown that monitoring Plaintiff's condition, without providing anti-viral treatment, met the standard of care for chronic Hepatitis C patients with little or no fibrosis (#130-3, #130-4).[1]

The only complaint raised by Plaintiff is over the timing of starting the anti-viral treatment. In that regard, Plaintiff alleges what amounts to a disagreement with treatment decisions. It is understandable that Plaintiff had opinions about the proper course of his treatment, but settled law is clear. Disagreement with treatment decisions does not rise to the level of a constitutional violation. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (quoting *Estate of Rosenberg*, 56 F.3d at 37). Plaintiff has

---

[1] This conclusion is drawn from the reports provided by Dr. Arshad H. Malik, who was retained by Plaintiff's attorney to review the medical records, and Dr. Roland Anderson, Regional Medical Director for CMS.

no constitutional right to receive a particular or requested course of treatment. *Long*, 86 F.3d at 765.

Plaintiff admits that his condition was monitored in the Chronic Care Clinic by doctors and nurses, but alleges that he should have been sent to a hospital for treatment (#2). He also alleges that Dr. Arnold told him that he should receive anti-viral treatment.[2] Even if this is so, a disagreement among doctors over recommended treatment does not constitute a constitutional violation. See *Noll v. Petrovky*, 828 F.2d 461, 462 (8th Cir. 1987), *cert. denied*, 484 U.S. 1014, 108 S.Ct. 718 (1988) (stating that disagreement between physicians regarding treatment "raises a question of medical judgment; it does not show deliberate indifference").

Both Dr. Anderson and Dr. Malik determined that clinical monitoring was an appropriate course of treatment for Plaintiff's particular condition (#130-3, #130-4). Simply put, Defendants, "do not violate the Eighth Amendment when in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Vaughn v. Gray*, 557 F.3d 904, 909 (8th Cir. 2009) (quoting *Long*, 86 F.3d at 765). Plaintiff has failed to provide evidence to establish even medical negligence, much less deliberate indifference. Accordingly, this action should be dismissed with prejudice.

---

[2] Plaintiff is now receiving antiviral treatment, and the medical records establish that he was not injured by any delay in starting this treatment.

## V.   Conclusion:

The Court recommends that Plaintiff's motions for summary judgment (#84 and #105) be DENIED.  In addition, the Court recommends that Defendants' cross motions for summary judgment (#130 and #169) be GRANTED and Plaintiff's claims be DISMISSED with PREJUDICE.  All remaining motions should be denied as moot.

DATED this 25th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE